UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYDONTAE WORTHEY,

        Plaintiff,

                              Case No. 25-cv-13661
v.                             HON. MARK A. GOLDSMITH

JACKSON COUNTY,

        Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.    BACKGROUND

Michigan prisoner Raydontae Worthey ("Plaintiff") filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 concerning his state criminal proceedings (Dkt. 1), and an application to proceed without prepayment of the filing fee (Dkt. 2, 5, 6). In his pleadings, Plaintiff alleges that he is being illegally confined in prison because he was not given a probable cause hearing on assault charges in Jackson County, Michigan in 2016 and that this has resulted in him being housed in dangerous prisons in violation of his constitutional rights. Compl. at PageID.2–4.[1] He names Jackson County as the sole defendant, and he seeks monetary damages. Id. at PageID.1, 5. The Court granted Plaintiff leave to proceed without prepayment of the filing fee under 28 U.S.C.

---

[1] Plaintiff was convicted of two counts of assault of a prison or other place of confinement employee in the Jackson County Circuit Court and was sentenced to concurrent terms of 3 years 4 months to 5 years in prison in 2017. He was subsequently convicted of prisoner possessing a weapon in the Chippewa County Circuit Court and was sentenced to 2 to 5 years in prison in 2018. See Profile, Michigan Department of Corrections' Offender Tracking Information System ("OTIS"), https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=982382.

1

§ 1915(a)(1) (Dkt. 7).

## II. ANALYSIS

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking relief against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is construed liberally. Haines v. Kerner, 404 U.S. 519, 520–521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require detailed factual allegations, it does require more than the bare assertion of legal principles or conclusions. Twombly, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation

2

of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-556 (citations and footnote omitted).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (i) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (ii) the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155–157 (1978); Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009).

Plaintiff's complaint is subject to summary dismissal. Plaintiff's complaint challenges the validity of his state criminal proceedings. A claim under 42 U.S.C. § 1983, however, is an appropriate remedy for a state prisoner challenging a condition of imprisonment, Preiser v. Rodriguez, 411 U.S. 475, 499 (1973), not the validity of continued confinement. See Heck v. Humphrey, 512 U.S. 477, 486–487 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254).

Heck and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) no matter the relief sought (damages or equitable

relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005) (emphasis omitted). The underlying basis for the holding in Heck is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." Heck, 512 U.S. at 486. If Plaintiff were to prevail on his claims, his continued confinement or duration of confinement would be called into question. Consequently, his civil rights complaint is barred by Heck and must be dismissed.

Additionally, Plaintiff names Jackson County as the sole defendant in this case. See Compl. Municipalities and local governments may be subject to suit under § 1983. See generally Monell v. Department of Social Svs., 436 U.S. 658 (1978). A local government, however, may only be sued under § 1983 when the execution of a government policy or custom, for which the government as an entity is responsible, inflicts the injury. Id. at 692. In other words, for a government entity to be held liable under § 1983, "the entity's policy or custom must be the moving force behind the constitutional deprivation." S.H.A.R.K. v. Metro Parks, 499 F.3d 553, 563 (6th Cir. 2007) (punctuation modified). A municipality "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell, 436 U.S. at 691 (emphasis omitted).

In his complaint, Plaintiff does not allege any facts indicating that Jackson County operates unconstitutionally, maintains an unconstitutional policy or custom, or that any of its policies or customs accounted for any alleged improper conduct by county employees which caused him injury. The Michigan Supreme Court and its lower courts and employees operate as arms of the State of Michigan. See, e.g., Pucci v. Nineteenth Dist. Ct., 628 F.3d 752, 762–764

(6th Cir. 2010). They are not entities operated by the counties. Any actions or inactions by state prosecutors or state judges occurred in their service as agents of the State of Michigan, not Jackson County; thus Jackson County is not liable for their actions. See Cady v. Arenac Co., 574 F.3d 334, 345 (6th Cir. 2009); Gardner v. St. Clair Co., No. 2:16-cv-10198, 2016 WL 894628, *3 (E.D. Mich. Mar. 9, 2016) (dismissing similar claims against a county). The complaint against Jackson County must, therefore, be dismissed for this additional reason.

### III.  CONCLUSION

For the above reasons, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under § 1983. Accordingly, the Court dismisses with prejudice his civil rights complaint.[2]

The Court also concludes that any appeal from this decision would be frivolous and cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

SO ORDERED.

Dated: January 5, 2026         s/Mark A. Goldsmith
Detroit, Michigan              MARK A. GOLDSMITH
                               United States District Judge

---

[2] This dismissal is without prejudice to any properly-filed habeas action that Plaintiff may bring challenging his state criminal convictions and sentences, as well as any subsequent civil rights action should his convictions or sentences be overturned.

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 6, 2026.

                                                   s/Joseph Heacox
                                                   JOSEPH HEACOX
                                                 Case Manager